## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN H., et al.,<br>        Plaintiffs,<br><br>        v.<br><br>THE SOUDERTON AREA<br>SCHOOL DISTRICT,<br>        Defendant. | CIVIL ACTION NO. 07-3658 |

## M E M O R A N D U M  &  O R D E R

Katz, S.J.                                                    March 20, 2008

Now before the court are "Plaintiffs' Motion for Summary Judgment or for

Judgment on the Administrative Record" (Document No. 14), Defendant's "Motion

for Judgment on the Administrative Record" (Document No. 13), and the parties'

responses thereto (Documents Nos. 17 and 18).  For the following reasons, the court

will deny in part and grant in part both Plaintiffs' and Defendant's motions, and enter

judgment in favor of Defendant on Plaintiffs' claims, and in favor of Plaintiffs on

Defendant's counterclaim.


## I. SUMMARY OF FACTS

Plaintiffs are Jonathan H., a thirteen-year-old student, and his parents, all of

whom reside in the Souderton Area School District ("Defendant").  Jonathan H.

receives special education services because of his learning disabilities in reading, math and written expression.  He has participated in Defendant's regular and special education programs since kindergarten.  *In Re the Education Assignment of J.H.*, Pa. SEA No. 1824 at *1 (2007), ODR No. 6884-0607 LS.

The conflict between the parties began on March 23, 2006, when the Jonathan H.'s parents disapproved the proffered Notice of Recommended Educational Placement ("NOREP") and the Individualized Educational Plan ("IEP").  *Id.* at *3. Jonathan H.'s parents also enrolled him at the Crossroads School for the 2006-07 school year.  *Id.* at *4.  Jonathan H.'s parents then sought a due process hearing, asking for compensatory education for the 2004-05 and 2005-06 school years, as well as tuition reimbursement for the 2006-07 school year.

On April 20, 2007, the Hearing Officer issued an order finding that Defendant did offer Jonathan H. a Free Appropriate Public Education ("FAPE") for the 2004-05 and 2005-06 school years in the areas of reading and math, but not in writing.  (Pls.' Ex. S.J.-1 at *18.)  Therefore, Defendant was directed to provided compensatory education equal to the amount of writing instruction denied, or about 45 minutes per day for two years.  (Pls.' Ex. S.J.-1 at *18.)  The Hearing Officer also found that Defendant did not fail to offer Jonathan H. an appropriate IEP for the 2006-07 school

year.  (Pls.' Ex. S.J.-1 at *18.)  Therefore, Plaintiffs were not entitled to tuition

reimbursement.  (Pls.' Ex. S.J.-1 at *18.)

Both parties filed exceptions to the Hearing Officer's decision, seeking an

appeal to the Appeals Panel.  Attorney for Plaintiffs received the Hearing Officer's

order on April 25, 2007.  (Admin. R. Ex. 6 at *1.)  However, they did not file

exceptions until May 10, 2007 at 4:35 p.m.  (Admin. R. Ex. 6 at *1.)  As these

exceptions were received by the Office of Dispute Resolution ("ODR") after the

close of the business, they were time-stamped as received May 11, 2007.  (Admin. R.

Ex. 6 at *1.)

The Appeals Panel issued its decision on June 2, 2007.  *In Re J.H.*, Pa. SEA

No. 1824.  The Appeals Panel rejected Defendant's exceptions, affirming the Hearing

Officer's finding that Defendant had not provided FAPE in the area of writing for the

2004-05 and 2005-06 school years, and that Jonathan H. was entitled to

compensatory education in that area.  *Id.* at 6.  Moreover, the Appeals Panel rejected

Plaintiffs' exceptions as untimely, also stating the "[i]f we had not dismissed the

exceptions based on timeliness, we would have rejected them based on substance."

*Id.*

Plaintiffs filed their complaint on August 31, 2007, seeking review of the final

administrative decision to the extent that the decision found the IEP for 2006-07

appropriate and denied Plaintiffs tuition reimbursement. Defendant filed its answer, affirmative defenses and a counterclaim on November 9, 2007. The counterclaim seeks review of the final administrative decision with regards to the finding that Defendant failed to provide Jonathan H. with FAPE in the area of written expression for the 2004-05 and 2005-06 school years, as well as the award of compensatory education.

Both parties now move for summary judgment, or alternatively, for judgment on the record. Plaintiffs seek (1) reversal of the dismissal of their exceptions as untimely; (2) dismissal of Defendant's counterclaim as barred by the statute of limitation; (3) reversal of the finding that Defendant provided Jonathan H. with FAPE for the 2004-05 and 2005-06 school years in the areas of reading and math, as well as an award of compensatory education; (4) reversal of the denial of tuition reimbursement for the 2006-07 school year, and an award of reimbursement for tuition and related transportation expenses; and (5) a declaration that Plaintiffs are the prevailing party and entitled to reasonable attorney fees and costs. Defendant seeks (1) reversal of the finding that Defendant failed to provide Jonathan H. with FAPE for the 2004-05 and 2005-06 school years in the areas of written expression, as well as the award of compensatory education; and (2) affirmation of the remainder of the final administrative decision.

This court will affirm the final administrative decision in its entirety, thereby granting in part and denying in part both parties' motions.

## II. STANDARD OF REVIEW

A summary judgment motion should be granted only if the court concludes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In a motion for summary judgment, the moving party bears the burden of proving that no genuine issue of material fact is in dispute, *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986), and the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *see also Matsushita*, 475 U.S. at 587.

Once the moving party has carried its initial burden, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting FED. R. CIV. P. 56(e)) (emphasis omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (holding that the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial). The mere existence of some evidence in support of the nonmoving

party will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## III. DISCUSSION

This court finds that both parties' claims will be dismissed on procedural grounds.  Plaintiffs' exceptions were dismissed as untimely, and as a result, they have failed to exhaust their administrative remedies. Moreover, even if Plaintiffs' claims were not procedurally barred, this court would still rule in Defendant's favor on the merits.  Furthermore, Defendant's counterclaim is barred by the statute of limitations.

### A.   PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES.

Plaintiffs' claims will be dismissed, as they failed to exhaust their administrative remedies, as required by the IDEA.

The IDEA allows parents or local educational agencies with complaints involving the education of a child with disabilities an opportunity for an impartial due process hearing.  20 U.S.C. § 1415(f)(1)(A) (2004).  In Pennsylvania, that hearing is initially conducted by a hearing officer.  *See* 22 Pa. Code § 14.162.  The decision of the hearing officer "may be appealed to a panel of three appellate hearing

officers." 22 Pa. Code § 14.162(o).  Only the decision of the Appeals Panel "may be appealed further to a court of competent jurisdiction." *Id.*

The Supreme Court has held that "judicial review is normally not available under [the IDEA] until *all* administrative proceedings are completed." *Honig v. Doe*, 484 U.S. 305, 326-7 (1988) (emphasis added); *see also Komninos by Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994).  Thus, as Pennsylvania's administrative review process is two-tiered, before filing suit, a plaintiff "must first secure a due process hearing and exhaust opportunity for administrative appeal." *Beth V. by Yvonne V. v. Carroll*, 87 F.3d 80, 88 (3d Cir. 1996) (internal citations omitted); *see also Jaffess v. Council Rock Sch. Dist.*, 2006 WL 1722416 at *3 (E.D.Pa.).  Although the policy of requiring exhaustion is a strong one, certain exceptions have been recognized.[1]  *Id.*  However, Plaintiffs neither claim nor allege any facts that would lead this court to find that any of these exceptions apply.

---

1.  Namely, courts have not required exhaustion of the state administrative process (1) "where exhaustion would be futile or inadequate," *Honig*, 484 U.S. at 327; (2) if the issue presented is purely a legal question, *Lester H. by Octavia P. v. Gilhool*, 916 F.2d 865, 869-70 (3d Cir. 1990); (3) if the administrative agency cannot grant relief, *Kominos*, 13 F3d at 778; or (4) if "exhaustion would work 'severe or irreparable harm' upon a litigant," *id.*(internal citations omitted).  Thus, courts have excused plaintiffs from "the pursuit of administrative remedies where they allege systemic legal deficiencies and, correspondingly, request system-wide relief that cannot be provided (or even addressed) through the administrative process." *Beth V.*, 87 F.3d at 89.

Instead, Plaintiffs argue that the Appeals Panel erroneously dismissed Plaintiffs' exceptions as untimely when they were faxed to the Office of Dispute Resolution ("ODR") at 4:35 p.m. on the fifteenth day after receipt of the Hearing Officer's decision.  The ODR is "an independent agency...under contract with the Pennsylvania Department of Education to coordinate and manage the statewide special education dispute resolution system," pursuant to 22 Pa. Code § 14.162(p)(1). Special Education Dispute Resolution Manual § 101 (July 2005) ("Manual").[2]  The ODR issues the Manual, which outlines relevant regulations and procedures to pursuing special education disputes in Pennsylvania.  Manual § 102(B).  The Manual explicitly requires that "[e]xceptions and any accompanying brief must be received by ODR no later than fifteen (15) calendar days after the receipt of the Hearing Officer's decision."  Manual § 1102(B).  Moreover, the Manual states that "[a]ll exceptions and answers must be filed between the hours of 8:00 a.m. and 4:00 p.m." Manual § 1104.  It also warns that "[f]ailure to file exceptions to the decision of the Hearing Officer within the time allowed shall constitute a waiver of all objections to the decision."  Manual § 1108.

Here, Plaintiffs acknowledge receipt of the Hearing Officer's decision on April 25, 2007.  (Admin. R. Ex. 6 at *1.)  Thus, their exceptions were due fifteen days

_____

2.  The Manual and all current updates are available at http://odr.pattan.net/files/odr/hoh.pdf.

later, on May 10, 2007.  Plaintiffs faxed their exceptions to the ODR at 4:35 p.m. on

May 10, 2007.  Therefore, the ODR marked the exceptions as received on May 11,

2007, and the Appeals Panel held that the exceptions were untimely.  However,

Plaintiffs argue that the ODR does not have the authority to establish such a

limitation.

State agencies "are vested with the authority to promulgate procedural rules to

ensure the orderly administration of justice."  *Westmoreland County v. Rodgers*, 693

A.2d 996, 999 (Pa. Commw. Ct. 1997); *see also* 2 Pa.C.S. § 102(a).  If "those rules

do not deprive a party of some substantive right and are not an abuse of discretion on

the part of the agency, courts will not disturb those rules or the agency's exercise of

its discretion."  *Id.*  Moreover, Pennsylvania law requires that any document filed

with an state agency "shall be received for filing at the office of the agency within

the time limits, if any, for the filing.  The date of receipt at the office of the agency

and not the date of deposit in the mails is determinative."  1 Pa. Code § 31.11.

Therefore, Plaintiffs' argument is unpersuasive, as the ODR, acting under contract

with the Pennsylvania Department of Education pursuant to statutory authority, had

the authority to require that exception be filed by 4:00 p.m. on the fifteenth day after

receipt of the Hearing Officer's decision.

Moreover, Plaintiffs' citation of *Dumberth v. Unemployment Compensation Bd. of Review*, 837 A.2d 678 (Pa. Commw. Ct. 2003), is equally unpersuasive.  In that case, the express language of the pertinent statute gave parties fifteen days to file an appeal.  *Id.* at 683.  Therefore, the court found that "the Department's imposition of a time-of-day restriction is inconsistent with the express statutory language," and should be accorded no deference.  *Id.*  In comparison, Plaintiffs admit that "[t]here is no state or federal regulation or statute that defines the time for filing exceptions to the Appeals Panel."  (Pl.'s Mot. at 14.)  Therefore, a time-of-day restriction does not conflict with any express statutory language, and should be accorded deference as a procedural rule properly promulgated to ensure the orderly administration of justice.

Hence, the Appeals Panel was correct to dismiss Plaintiffs' exceptions as untimely.  As a result, Plaintiffs have waived all objections to the Hearing Officer's decision, and failed to exhaust their administrative remedies.  Thus, Plaintiffs' claims under IDEA must be dismissed for lack of subject matter jurisdiction.  *See W.B. v. Matula*, 67 F.3d 484, 493 (3d Cir. 1995) (*overturned on other grounds by A.W. v. Jersey City. Pub. Sch.*, 486 F.3d 791 (3d Cir. 2007)).

Moreover, the exhaustion requirement also applies to their claims under § 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("§ 504"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 ("ADA").  20 U.S.C. § 1415(l).

Plaintiffs may not circumvent the "IDEA's exhaustion requirement by taking claims that could have been brought under IDEA and repackaging them as claims under some other statute," such as § 504 or the ADA. *Jeremy H. by Hunter v. Mount Lebanon Sch. Dist.*, 95 F.3d 272, 281 (3d Cir. 1996). Thus, the remainder of Plaintiff's claims under § 504 and the ADA must also be dismissed for failure to exhaust.

       B.    E<span>VEN THOUGH </span>P<span>LAINTIFFS' CLAIMS ARE PROCEDURALLY BARRED, THEY WOULD STILL FAIL ON THE MERITS.</span>

If Plaintiffs' claims were not procedurally barred, *see, supra,* Part III.A., Defendant would still prevail on the merits.

When reviewing an IDEA case, a district court "applies a modified version of *de novo* review." *L.E. v. Ramsey Bd. of Educ.*, 435 F.3d 384, 389 (3d Cir. 2006). A district court must "make its own findings by a preponderance of the evidence, 20 U.S.C. § 1415(1)(2)(B)(iii)," yet it still "must also afford 'due weight'" to the determinations of the Hearing Officer. *Shore Regional High School Bd. of Educ. v. P.S.*, 381 F.3d 194, 199 (3d Cir. 2004). All "'factual findings from the administrative proceedings are considered prima facie correct,' and '[i]f a reviewing court fails to adhere to them, it is obliged to explain why.'" *Id.* (*quoting S.H. v. State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 271 (3d Cir. 2003)). Moreover, witness

credibility determinations are accorded special weight. *Id.* Thus, a district court may only reject a state agency's credibility determinations if "the non-testimonial, extrinsic evidence in the record would justify a contrary conclusion." *Carlisle Area Sch. v. Scott P.*, 62 F.3d 520, 529 (3d Cir. 1995). The Third Circuit has held that in this context, "the word 'justify' demands essentially the same standard of review given to a trial court's findings of fact by a federal appellate court." *Shore*, 381 F.3d at 199.

Plaintiffs' claims the Hearing Officer erroneously found that Defendant offered Jonathan H. a free appropriate public education ("FAPE"). Under the IDEA, all states receiving federal funding must comply with federal requirements designed to provide a FAPE to all disabled children. *See* 20 U.S.C. § 1412(a). A FAPE means special education and related services that

> (A)   have been provided at public expense, under public supervision and direction, and without charge;
> (B)   meet the standards of the State educational agency;
> (C)   include an appropriate preschool, elementary school, or secondary school education in the State involved; and
> (D)   are provided in conformity with the individualized education program required under section 1414(d) of this title.

20 U.S.C. § 1401(9). A FAPE is an education "specially designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit

the child 'to benefit' from the instruction." *Bd. of Educ. v. Rowley*, 458 U.S. 176, 188-9 (1982).

"States provide a FAPE through an individualized education program ('IEP')." *Shore*, 381 F.3d at 198.  Moreover, in order to satisfy the IDEA, an IEP must confer "more than a trivial educational benefit," it must provide "significant learning," and confer "meaningful benefit." *Polk v. Central Susquehanna Intermediate Unit 16*, 853 F.2d 171, 182-4 (3d Cir. 1988).  However, the benefit of any IEP "must be gauged in relation to the child's potential." *Id.* at 185.  Thus, the education so provided "must be sufficient to confer some educational benefit upon the handicapped child, although the state is not required to maximize the potential of handicapped children." *T.R. v. Kingwood Twp. Bd. of Educ.*, 205 F.3d 572, 577 (3d Cir. 2000).  Nor is the state required to "provide the optimal level of services, or even a level that would confer additional benefits." *Carlisle Area Sch.*, 62 F.3d at 534.

    1.    <u>Defendant provided Jonathan H. with a FAPE in the areas of reading and math for the school years of 2004-05 and 2005-06.</u>[3]

In determining that Defendant provided Jonathan H. with a FAPE in the areas of reading and math for the school years of 2004-05 and 2005-06, the Hearing

---

3.  This court notes that Plaintiffs failed to state this claim for relief in accordance with Rule 8. FED. R. CIV. P. 8(a).  While this court declines to address whether Plaintiffs could correct this flaw by amending their complaint or whether this claim is waived, this court finds that granting leave to amend would be futile, as this claim is not only procedurally barred, but also fails on the merits.

Officer reviewed the IEPs for the relevant years, as well as examined his progress in light of Jonathan H.'s low average to lower end average range cognitive ability.  (Pls.' Mot. Ex. S.J.-1 at 15.)  Plaintiffs claim that Jonathan H. actually has average intelligence, and given his average intelligence, the record shows that Jonathan H. has not made meaningful progress, as he consistently performed below grade expectations.

First of all, this court agrees with the Hearing Officer's interpretation of Jonathan H.'s cognitive ability.  (*See* Admin. R. Ex. 15 at P-18.)  Plaintiffs do not contend, nor does this court find, that the 2004-05 and 2005-06 IEPs were deficient in any way in the areas of math and reading.  As far as Jonathan H.'s progress, the Hearing Officer relied heavily on his results on the Wechsler Individual Achievement Test (WIAT) and the Woodcock Johnson Third Edition (WJ III).  The WIAT was administered in December of 2001 and in May of 2005.  The results of that test clearly illustrate that even given his low average ranger to lower end of average range of cognitive ability, he still made about a year's progress for each year of schooling through Defendant.  (Pls.' Mot. Ex. S.J.-4 at 6; Ex. S.J. 13 at 5.)  The WJ III tests also reflect significant progress in Jonathan H.'s schooling.  Although Jonathan H. did make more progress in some areas than others, this does not mean that he did not make meaningful progress overall.  Across all areas of reading,

Jonathan H. progressed an average of 17.6 months in a 19-month period.[4] (Pls.' Mot. Ex. S.J.-6 at 2; Ex. S.J. 12 at 2-3; Ex. S.J. 15 at 1-2.)  Moreover, he advanced 18 months across all areas of math during that same time period.  (Pls.' Mot. Ex. S.J.-6 at 2-3; Ex. S.J. 12 at 2-3; Ex. S.J. 15 at 1-2.)   Thus, given Jonathan H.'s low average range to lower end of average range cognitive ability, this court finds, by a preponderance of the evidence, that Defendant provided Jonathan H. with a FAPE in the areas of reading and math for the school years of 2004-05 and 2005-06.

Hence, there is no issue of genuine material fact and Defendant is entitled to judgment on this claim as a matter of law.

2.      Plaintiffs are not entitled to tuition reimbursement.

Parents of a child with a disability, who previously received special education and related services from a public agency, may receive tuition reimbursement for enrolling that child in a private school if the public agency "had not made a free appropriate education available to the child in a timely manner prior to that enrollment." *Lauren W. v. Deflaminis*, 480 F.3d 259, 276 (3d Cir. 2007).  A student is entitled to tuition reimbursement if "(1) the court determines the student's IEP is inappropriate and (2) the student demonstrates that the private placement he seeks is

_____

4.  For this calculation, this court considered Jonathan H.'s progress in reading fluency to be 8 months.

proper." *Id.* (*quoting Florence County Sch. Dist. Four v. Carter ex rel. Carter*, 510

U.S. 7, 15 (1993)).  In order to be proper, a private placement must be (1)

appropriate, providing significant learning and conferring meaningful benefit, and

(2) provided in the least restrictive educational environment.  *Id.*  However, an

appropriate private placement will be not disqualified just because it is more

restrictive than a public placement.  *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172

F.3d 238, 249 (3d Cir. 1999).

The requirements of an IEP can be found in 20 U.S.C. § 1414(d).  Defendant's

proposed IEP for the 2006-07 school year meets all of the requirements therein.

While the Hearing Officer did recommend that the IEP explicitly call for the "annual

administration of a standardized achievement assessment instrument such as the WJ

III," the lack of the same did not, in and of itself, make the IEP inappropriate.  (Pls.'

Mot. Ex. S.J.-1 at 17.)  In its "Goals and Objectives" section, the IEP gives

descriptions of how Jonathan H.'s progress will be measured and when periodic

reports will be provided, in conformance with 20 U.S.C. § 1414(d)(1)(A)(i)(III).

(Admin. R. Ex. 16, Ex. SASD 65, at *11-4.)

Moreover, Defendant correctly notes that the Hearing Officer took issue with

the lack of evidence of progress in writing, rather than Defendant's method of

instructing or measuring progress in writing.  (Pls.' Mot. Ex. S.J.-1 at 16-7.)  The

Hearing Officer did not take exception to using rubric scores to measure progress and even stated that she "would have given fair consideration to a series of four, or ideally five, rubric score sets...were they available."  (Pls.' Mot. Ex. S.J.-1 at 17.) Thus, Plaintiffs' argument that the proposed IEP would continue with the same approach that has already failed misconstrues the Hearing Officer's findings.  Thus, this court finds the IEP offered to Jonathan H. for the 2006-07 school year was reasonably calculated to provide meaningful educational benefit, and Plaintiffs are not entitled to tuition reimbursement.

      C.     DEFENDANT'S COUNTERCLAIM IS BARRED BY THE STATUTE OF LIMITATIONS.

As the final administrative decision in this matter was issued on June 2, 2007, *In Re J.H.*, Pa. SEA No. 1824, Defendant's counterclaim, filed on November 9, 2008, is untimely.

In 2004, Congress amended the IDEA to provide a statute of limitations for filing a civil action to "90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this part, in such time as the State law allows."  20 U.S.C. § 1415(i)(2)(B) (2004).  This amendment became effective July 1, 2005.  *See* Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), P.L.

108-446, Title I, § 302.  Pennsylvania does not have an explicit time limitation that would supersede the 90-day IDEIA one.  As explained above, Pennsylvania has a two-tiered administrative review process.  *See supra*, Part III.A.  Under Pennsylvania law, only the decision of the Appeals Panel can be appealed to the district court, pursuant to 20 U.S.C. § 1415(i)(2)(A) (2004).  22 Pa. Code § 14.162(o).  Therefore, the 90-day deadline to bring a civil action in a federal district court begins to run after the decision of the Appeals Panel has been issued.

Here, the Appeals Panel's decision, the final administrative decision in this matter, was issued on June 2, 2007.  Therefore, all claims for review under the IDEA must have been filed by August 31, 2007.  Defendant did not file its counterclaim until November 9, 2007.  Therefore, it is untimely and must be dismissed.

It is no defense that this counterclaim is compulsory under Rule 13(a).  Fed. R. Civ. P. 13(a).  Counterclaims for affirmative relief, even if compulsory, are "subject to the operation of applicable statutes of limitations."  3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 13.93 (3d ed. 2007).  Thus, pleas of recoupment and affirmative defenses "arising out of the transaction sued on and used only to defeat a plaintiff's claim, [are] not generally barred by the statute of limitations."[5]  *Wells v.*

---

5.  It should also be noted that Pennsylvania law does not recognize the tolling doctrine as argued by Defendant.  *See Hormer v. Hulsey*, 467 A.2d 867, 868-9 (Pa. Super. 1983).

*Rockefeller*, 728 F.2d 209, 213 (3d Cir. 1984) (internal citations omitted).  However, here, Defendant does not seek recoupment or to assert affirmative defenses.  Instead, Defendant seeks affirmative relief, and is therefore barred by the 90-day statute of limitations.

Thus, as there is no genuine issue of material fact, and because Plaintiffs are entitled to judgment as a matter of law, this court will grant summary judgment on Defendant's counterclaim in favor of Plaintiffs.


## IV. CONCLUSION

By failing to timely perfect their appeal of the Hearing Officer's decision, Plaintiffs failed to exhaust their administrative remedies. Therefore, their claims will be dismissed for lack of subject matter jurisdiction, and judgment on Plaintiffs' claims will be entered for Defendant and against Plaintiffs.  However, even if Plaintiffs' claims were not procedurally barred, Defendant would still have prevailed on the merits.  Furthermore, Defendant's counterclaim is barred by the statute of limitations.  Thus, Plaintiffs are entitled to summary judgment on Defendant's counterclaim, and judgment will be entered in favor of Plaintiffs and against Defendant.

An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN H., et al.,<br>      Plaintiffs,<br><br>      v.<br><br>THE SOUDERTON AREA<br>SCHOOL DISTRICT,<br>      Defendant. | CIVIL ACTION NO. 07-3658 |

## O R D E R

**AND NOW,** this 20th day of March, 2008, upon consideration of "Plaintiff's Motion for Summary Judgment or for Judgment on the Administrative Record" (Document No. 14), Defendant "The Souderton Area School District's Motion for Judgment on the Administrative Record" (Document No. 13), and the parties' responses thereto (Documents No. 17 and 18), it is hereby **ORDERED** as follows:

1. Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**;

2. Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**;

3. Judgment on Plaintiffs' claims is entered in **FAVOR** of Defendant and **AGAINST** Plaintiffs;

4. Judgment on Defendant's counterclaim is entered in **FAVOR** of Plaintiffs and **AGAINST** Defendant; and

5.      The Clerk shall mark this action **CLOSED** for statistical purposes.

**BY THE COURT:**

**/s/ Marvin Katz**

_____

**MARVIN KATZ, S.J.**